**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ARLINGTON HEAVY HAULING, INC., a
Florida corporation,

          Plaintiff,

v.                                   Case No. 3:15-cv-137-J-34JRK

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a foreign corporation,

          Defendant.

_____/

## O R D E R

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 5, 2015, Defendant Liberty Mutual Fire Insurance Company (Liberty Mutual) filed its Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1.  In the Notice, Liberty Mutual asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because "Plaintiff and Defendant are . . . citizens of different states" and because "the amount in controversy between the parties exceeds the sum or value of $75,000, exclusive of interest and costs." Id. ¶¶ 9, 15, 16.  However, Liberty Mutual has failed to allege sufficient facts to establish that the amount in controversy exceeds $75,000.[1]

The Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  However, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing." Id. at 754.  Indeed, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id.  All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

This matter arises out of an underlying state court action brought by Rizahet Ibrakovic (Ibrakovic) in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, based

---

[1] The Court is satisfied that Liberty Mutual has sufficiently alleged diversity of citizenship.

on a motor vehicle accident.  See Complaint (Doc. 2-4; Ibrakovic Complaint).  Ibrakovic named as a defendant in the underlying state court action Arlington Heavy Hauling, Inc. (Arlington), the plaintiff in the instant action.  See Ibrakovic Complaint at 1.  Thereafter, Arlington filed the now-removed Complaint (Doc. 2; Complaint) against Liberty Mutual and alleges that Liberty Mutual has a duty to provide Arlington with insurance coverage and a defense in the underlying state court action brought by Ibrakovic.  See generally Complaint. Ibrakovic alleges "damages in excess of $15,000.00, exclusive of interest and costs."  See Ibrakovic Complaint ¶ 1.  However, in the Notice, Liberty Mutual alleges that "Arlington seeks coverage under a Liberty Mutual Carrier Policy" which "carried liability coverage in the amount of $1,000,000 each accident, subject to terms, conditions, limitations and exclusions of the policy."  Notice ¶¶ 13, 14.  Liberty Mutual then alleges that "[b]ased on the foregoing, the amount in controversy between the parties exceeds the sum or value of $75,000, exclusive of interest and costs."  Id. ¶ 15.

"Because the instant suit involves only insurance coverage issues as they relate to the underlying state court action, the court must look to the amount in controversy in the underlying state court suit to determine the amount in controversy for the purposes of diversity jurisdiction."  State Farm Fire & Cas. Co. v. Knoblett, 561 F. Supp. 2d 1256, 1257 (N.D. Ala. 2008); see also SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010) ("'[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy.'").  Here, Liberty Mutual appears to improperly rely upon the face value of the insurance policy in

seeking to establish the jurisdictional amount in controversy.  Additionally, because Ibrakovic alleges damages in excess of only $15,000, the complaint in the underlying state court action does not provide an unambiguous statement that clearly establishes the jurisdictional amount.  See Ibrakovic Complaint ¶ 1.  "[W]ithout facts or specific allegations, the amount controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible."  Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).  As such, Liberty Mutual has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.[2]  In light of the foregoing, it is

**ORDERED**:

Defendant Liberty Mutual Fire Insurance Company shall have up to and including **March 27, 2015**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 10th day of March, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies:
Counsel of Record

---

[2] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists.  See Williams, 269 F.3d at 1319.